```
IN THE UNITED STATES DISTRICT COURT FOR THE
          SOUTHERN DISTRICT OF GEORGIA
               STATESBORO DIVISION
```

RAMIE KEY,                          *
                                    *
     Plaintiff,                     *
                                    *
     v.                             *     CV 614-039
                                    *
CHRISTOPHER KIGHT                   *
                                    *
     Defendant.                     *

## O R D E R

Presently before the Court is Plaintiff's motion for entry of default. (Doc. 25.) On August 10, 2015, the Court directed the parties to submit a joint status report, including a proposed scheduling order, within ten days. (Doc. 19.) However, despite good-faith efforts, Plaintiff was unable to locate and correspond with Defendant. Consequently, on August 21, 2015, the Court granted Plaintiff an additional fourteen days to continue his efforts. (Doc. 22.) Then, on August 25, 2015, a process server made contact with Defendant, served Defendant with a copy of the Court's most recent order, and asked Defendant to call Plaintiff's counsel. (Doc. 23-1.) Since that time, Plaintiff's counsel has not heard from Defendant. As a result, Plaintiff asked the Court to consider striking Defendant's answer and entering default. (Doc. 23.)

Given his failure to comply with the Court's previous orders, the Court ordered Defendant to show cause, in writing by October 9, 2015, as to why the Court should not strike his answer and enter default. (Doc. 24.) Nevertheless, Defendant failed to respond, and the instant motion was filed.

Under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Such Rule 37 sanctions include, *inter alia*, the Court "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). However, given the severity of this sanction, the Court should not order a default judgment unless the noncompliance is "'due to willful or bad faith disregard for [previous] orders.'" <u>United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.</u>, 126 F.3d 1314, 1317 (11th Cir. 1997)(quoting <u>Cox v. Am. Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1156 (11th Cir. 1986)).

At this juncture in the present case, an entry of default is appropriate. As stated above, on August 10, 2015, the Court ordered the parties to collaborate and submit a joint status report and a proposed scheduling order. Since then, Defendant has failed to communicate with Plaintiff's counsel and failed to

respond to the Court's show cause order. Because Defendant received ample notice of these obligations and the consequences of his inaction, his noncompliance exemplifies the willful disregard that warrants the severe sanction of default judgment.

Accordingly, the Court **GRANTS** Plaintiff's motion for default (Doc. 25) and **DIRECTS** the Clerk to strike Defendant Christopher Kight's answer and to enter default against him. The Court also **DIRECTS** Plaintiff to file his motion for default judgment within **thirty (30) days** of the Clerk's entry of default. Within his motion, Plaintiff shall specifically identify the bases in the pleadings that support the grant of default judgment. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.") Plaintiff shall also include all supporting documentation and affidavits establishing the amount of Plaintiff's damages. Finally, as to Plaintiff's suggestion that the Court forego a default judgment hearing, the Court will evaluate this proposal as part of the forthcoming motion.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of October, 2015.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```